JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CYNTHIA JONES

**DEFENDANTS**
MAGELLAN HEALTH, INC.

(b) County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **MARICOPA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Reginald Allen, Esquire, 7601 Crittenden Street, F-12, Philadelphia, PA 19118, (215) 242-3875

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 195 Contract Product Liability | | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 890 Other Statutory Actions |
| | | | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 864 SSID Title XVI | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 230 Rent Lease & Ejectment | [x] 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | | 462 Naturalization Application | | |
| | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education / 550 Civil Rights | | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII AND ADEA

Brief description of cause:
EMPLOYMENT DISCRIMINATION

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $151,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: NOVEMBER 15 2021

SIGNATURE OF ATTORNEY OF RECORD: *Reginald Allen*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 137 N. 4TH STREET, PHILA, PA 19108

Address of Defendant: 4800 N. SCOTTSDALE RD., STE. 400, SCOTTSDALE, AZ 85251

Place of Accident, Incident or Transaction: PHILADELPHIA, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/15/2021    *signed* Reginald Allen    77083
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    (Please specify): _Employment Discrimination_

B. **Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury (Please specify): _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    (Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Reginald Allen, Esquire**, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 11/15/2021    *signed* Reginald Allen    77083
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA JONES<br>137 N. 4TH STREET<br>PHILADELPHIA, PA 19108<br>   PLAINTIFF, <br><br>VS.<br><br>MAGELLAN HEALTH, INC.<br>4800 N. SCOTTSDABLE ROAD<br>SUITE 400<br>SCOTTSDALE, AZ 85251<br>   DEFENDANT. | : CIVIL ACTION NO.  21-<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

COMPLAINT

1. This matter is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Age Discrimination in Employment Act (ADEA) and the Pennsylvania Human Relations Act.  Jurisdiction is based on 28 U.S.C. S 1331 and 1343.  Jurisdiction is also based diversity of citizenship pursuant to 28 U.S. C. S 1332 and the amount in question exceeds $75,000.00 (seventy five thousand dollars and zero cents) exclusive of interests and costs.  Jurisdiction for the state law claim is invoked pursuant to 28 U.S.C. S 1367(a) to hear and adjudicate state law claims.

## PARTIES

2. Plaintiff Cynthia Jones (from hereinafter, "plaintiff") is a resident of the Commonwealth of Pennsylvania, who at all times relevant to this action, was present in the Commonwealth of Pennsylvania and she resides at the address indicated in the caption above.

3. Defendant Magellan Health Incorporated (Inc.) ("defendant") is a corporation that has its headquarters in the state of Arizona, at the address indicated in the caption above; at all times relevant to this action, defendant maintained offices in Philadelphia, PA and it did substantial business in the Commonwealth of Pennsylvania.

## ADMINISTRATIVE AGENCY REQUIREMENTS

4. Plaintiff filed charges of discrimination with the United States Equal Employment Opportunity Commission (EEOC) at Charge Nos. 530-2020-05368; plaintiff received a right to sue letter from the EEOC on/around August 19, 2020.

## FACTUAL ALLEGATIONS

5. Plaintiff was born on July 29, 1959 and is currently 62 years old; She is African American and female.

6. Plaintiff became employed by defendant in on/around October 30, 2016 as a licensed care coordinator.

7. At all times relevant to this complaint and at all times relevant to her employment with defendant, which ended on November 4, 2019, plaintiff was well qualified for her position and performed them in a satisfactory manner.

8. In/around 2019 plaintiff, whose duties included interviewing clients with mental health issues and documenting those interviews, proposed a procedure to her supervisor, Debra Sheppard, a Caucasian female, who approved the procedure.

9. The procedure allowed to "cutting and pasting" part of a template used to document sessions/interviews with clients that would remain consistent.

10. Somehow, plaintiff accidentally failed to document a template after an interview, which the defendant stated it observed during an office audit.

11. Defendant suspended and then fired plaintiff on November 4, 2019; however it took no disciplinary action against Ms. Sheppard (who is

3

(was) also under the age of 40).

12. Prior to plaintiff's termination from employment, her team lead, a Caucasian female, Ms. Jody Sanford had frequently stated that there were multiple individuals in plaintiff's department who were no pulling their weight – however no corrective action was taken regarding those individuals; conversely before her error, plaintiff had worked excellently at all times.

13. Defendants' managerial employees admitted during the audit that other personnel had made errors documenting interviews with clients, however those individuals were not fired, as plaintiff was.

14. Defendant characterized plaintiffs' error as falsification of documents, indicating that it determined that plaintiff had committed the error intentionally; defendant unsuccessfully fought plaintiff's application for unemployment compensation on that basis.

15. Ms. Sanford allegedly conducted the audit that resulted in plaintiff's termination from employment.

16. In an attempt to remain employed, plaintiff requested from several of defendants management personnel that they place her on a

4

`performance improvement plan (PIP), including to Ms. Sheppard, Ms. Sanford, Ms. Kaila Mailhan, a Caucasian female manager, and Ms. Janet Edwards, a Caucasian (the Director), indicating that she had merely made a mistake that she had not committed fraud.

17. Despite plaintiff's plea, Ms. Mailhan insisted that she be fired and that she had committed fraud – intentional acts.

18. Ms. Sheppard admitted at plaintiff's unemployment compensation hearing that other of defendant's employees had been found to have made errors, during the audit and Ms. Sheppard admitted that plaintiff's error was unintentional.

19. One of the employees who committed error, was Steven Bussey, a male employee, whom had a meeting with management, but was not fired.

20. Upon reasonable information and belief, other employees who were found to have made documentation errors during the audit, were Caucasian, male, and under the age of forty, or significantly younger than the plaintiff.

5

Plaintiff perceived that her disciplinary process and interaction with defendant's management indicated some form of discriminatory bias, since it was extremely hostile, although plaintiff had an excellent record and a good attitude (this includes bias based on her race and/or her age).

21. Plaintiff is aware that persons in her protected classes have been fired or left their employment with the defendant under specious circumstances, including an African American (Black) manager named Kimberly Webb, who was replaced with Debra Sheppard, who had previously worked with Director Janet Edwards (a Caucasian female).

22. After her termination, plaintiff saw her job posted for $20,000.00 less than what he had earned per year, and believes that this was to hire someone under the age of forty, or considerably younger than she, who might work for much less than she was earning – upon information and belief, plaintiff was replaced by someone under the age of forty or considerably younger than she.

23. Defendant has a history of laying off employees over the age of forty, including in 2017, when the entire management team that started the

Intensive Case Management Program was terminated when the company was consolidating including, Eileen O'Reagan, Kay Cox and another woman believed to be over forty.

24. Each of the women referred to in paragraph 24 above had over 20 years of employment with the defendant.

25. Other older employees have resigned due to harassment and being give unrealistic work expectations. These included an Indian American manager, named Nishma Daya.

26. Another Black manager named Rosalind Brunson resigned due to harassment from management; another older female employee resigned due to alleged harassment.

27. Upon information and belief, defendant has/had a progressive disciplinary policy which it could have utilized for the plaintiff, and which it uses for individuals who are not members in her protected classes, but which it refused to use for her based on discrimination based on either her age, sex or race (or a combination of some of all of them).

28. Upon information and belief, employees who have committed

7

intentional misconduct or errors worse than plaintiff, have not been fired by the defendant, despite its knowledge of that conduct and those errors.

29. As a result of defendant's conduct described above, plaintiff suffered severe economic harm, including the loss of her career.

30. As a result of defendant's plaintiff suffered severe emotional distress, including based on loss of her personal reputation for honesty, and other severe emotional distress.

COUNT ONE – VIOLATION OF TITLE VII BASED ON SEX AND/OR RACE

31. Plaintiff incorporates paragraphs 1-32 above as though fully set forth herein.

32. Plaintiff is African American and female, and she was qualified for her position, when she was unjustly fired.

33. Defendant fired plaintiff for alleged conduct which it knew she did not commit; it fired her for something that it has not fired employees who have committed the same, similar or worse things than plaintiff, who are male and who are not African American, which it did intentionally.

8

34. Defendant intentionally discriminated against plaintiff based on her race and sex.

WHEREFORE, plaintiff requests judgment in her favor against defendant, and she requests the following relief:

   a. Back pay;

   b. Front pay;

   c. Compensatory damages;

   d. Punitive damages;

   e. Reasonable Attorney's Fees and Costs;

   f. Any other relief the Court deems appropriate.

   COUNT TWO – AGE DISCRIMINATION IN VIOLATION OF THE ADEA

35. Plaintiff incorporates paragraphs 1-35 above as though fully set forth herein.

36. Plaintiff was over the age of forty at all times relevant to this complaint.

37. Plaintiff was intentionally fired based on her age; conversely, employees under the age of forty, or considerably younger than plaintiff were nor fired for conduct and/or work performance issues

9

that were more serious and/or worse than the unintentional error that plaintiff made for which she was fired for; these include Ms. Sheppard who endorsed the procedure that plaintiff used that lead to the error.

WHEREFORE, plaintiff requests judgment in her favor and she requests the following relief:

   a. Back pay;

   b. Front pay;

   c. Liquidated damages;

   d. Reasonable Attorney's Fees and Costs;

   e. Any other relief the Court deems appropriate.

### COUNT THREE – VIOLATION OF THE PHRA BASED ON RACE, SEX AND AGE DISCRIMINATION

38. Plaintiff incorporates paragraphs 1-38 above as though fully set forth herein.

39. Defendants acts described above constitute violations of the PHRA for either or all, sex, race or age discrimination.

WHEREFORE, plaintiff requests judgment in her favor against defendant, and she requests the following relief:

a. Back pay;

b. Front pay;

c. Compensatory damages;

d. Any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Reginald Allen, Esquire